IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | | Case No. 15-11441 |
| MOHAMMAD R. PISHVA | * | (Chapter 13) |
| SUSAN PISHVA, | | |
| Debtors. | * * * * * * * | |
| * * * * * * * | | |
| CARROLL INDEPENDENT FUEL, LLC, | * | |
| Movant, | * | |
| v. | * | |
| MOHAMMED R. PISHVA | | |
| Respondent. | | |
| * * * * * * | * * * * * * * | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Carroll Independent Fuel, LLC ("CIF"), by its undersigned counsel, and pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) and Federal Rule of Bankruptcy Procedure 4001(a), files this Motion for Relief from Automatic Stay (the "Motion"), in order to permit CIF to terminate certain contractual agreements between CIF and Mohammed R. Pishva (the "Respondent"), as set forth in detail below.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §1409.

## BACKGROUND INFORMATION

2. On February 2, 2015 (the "Petition Date"), the Debtors filed with this Court a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

3.  CIF is the lessee of certain real property described generally as 750 East 25th Street, Baltimore, Maryland which is owned by Getty Realty.  Pursuant to a Station Lease (Branded) dated May 1, 2012, CIF sub-leased this property to the Respondent and 25th Street Enterprises, Inc. (the "Corporation"), a corporation owned by Respondent.  A true and correct copy of the Sublease is attached as Exhibit A.  The Sublease requires that the Respondent and the Corporation use the property for the sale of Sunoco branded motor fuels.

4.  In addition to the Sublease, the Respondent, the Corporation and CIF are also parties to a Lessee Dealer Contract of Sale (Branded) ("the Supply Contract") setting forth the terms and conditions upon which CIF will supply Respondent and Corporation with motor fuels.  A true and correct copy of the Supply Contract is attached as Exhibit B.

5.  Respondent and Corporation are in default under numerous provisions of both the Sublease and the Supply Contract.  As of the date of this Motion, Respondent and Corporation are indebted to CIF in the amount of $29,472.80 for unpaid rent, fuel sales and other items.  In addition, Respondent and Corporation are indebted to CIF for fuel obligation shortfalls in the total amount of $27,387.72.  It appears that, in violation of the Sublease, Respondent and Corporation have attempted to sell or sublease the operation of the premises to a third party.  Respondent and Corporation have further breached the Sublease and Supply Contract by, among other things:

    a. Failing to maintain sufficient bank account balances;

    b. Failing to purchase minimum required gallons of motor fuel product;

    c. Failing to maintain adequate inventory of fuel;

    d. Failing to maintain the property and failing to preserve the value of the property; and

    e. Failing to be present at the station for at least 40 hours per week.

  6. CIF estimates that the Respondent and Corporation would be required to spend approximately $83,000 to make repairs to the property and return it to the condition that it was in when Respondent and Corporation began leasing the property. Respondent and Corporation do not have the financial resources to make these repairs, and as such the Sublease and Supply Contract are not necessary to the Respondent's financial reorganization.

## ARGUMENT

  7. CIF requests relief, pursuant to § 362(d) of the Bankruptcy Code and Rule 4001, from the automatic stay to terminate the Sublease and the Supply Contract with Respondent and the Corporation. Subsection (d) of §362 "identifies when the court shall grant stay relief, upon the request of a party in interest, in the form of termination, annulment, modification, or conditioning of the stay." *In re Northwest Timberline Enters.*, 348 B.R. 412, 429 (Bankr. N.D. Tex. 2006). Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>  (1) for cause, including the lack of adequate protection of
>   an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1).

  8. The term "cause" is not defined in the Bankruptcy Code; therefore, a bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *See RL BB Fin. LLC v. 207 Redwood Street LLC (In re 207 Redwood Street LLC)*, 2011 Bankr. LEXIS 3293, *14 (Bankr. D. Md. August 26, 2011); *Fairfield Co. v. Ramkaran (In re Ramkaran)*, 315 B.R. 361, 363 (D. Md. 2004). Although courts frequently find sufficient "cause" to lift the automatic stay when a creditor is not adequately protected or when Debtor has

3

shown bad faith, *see CMF Loudoun Ltd. P'ship v. Nattchase Assocs. Ltd. P'ship (In re Nattchase Assocs. Ltd. P'ship)*, 178 B.R. 409, 416 (Bankr. E.D. Va. 1994), this Court has held that "cause for relief from stay [for cause] is not limited to a lack of adequate protection or a finding of bad faith motive for filing the bankruptcy case." *In re Shady Grove Tech Ctr. Assocs. Ltd. P'ship*, 216 B.R. 386, 388 (Bankr. D. Md. 1998) (Keir, J.); *see Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994) ("Congress . . . has granted broad discretion to bankruptcy courts to lift the automatic stay to permit enforcement of rights against property of the estate.").

9. In this case, ample cause exists to permit CIF to terminate its agreements with the Respondent. Respondent and Corporation have committed numerous defaults under the Sublease and Supply Contract, and have no ability to cure these defaults. Respondent and Corporation do not appear to be in control of the property, which is in substantial disrepair as a result of neglect by Respondent and Corporation. Continued neglect and failure to repair the property will further damage the value of CIF's property. Respondent and Corporation should not be permitted to further injure CIF by their actions and continuing defaults.

## CONCLUSION

10. The purpose of § 362(d) is to "relieve a creditor from the stay imposed upon him in a relatively expeditious manner where no good reason for continuing the stay exists." *Castle Ranch I, Ltd. v. Castle Ranch of Ramona, Inc. (In re Castle Ranch of Ramona, Inc.)*, 3 B.R. 45, 49 (Bankr. S.D. Cal. 1980). Good cause clearly exists in this case to permit CIF to mitigate its damages by terminating the Sublease and Supply Contract with Respondent and Corporation and being allowed to secure the property and prevent further loss of value.

WHEREFORE, CIF respectfully requests that the Court enter an order (i) lifting the automatic stay allowing CIF to terminate the Sublease and the Supply Contract with Respondent

and Corporation; (ii) waiving the 14-day stay applicable generally under Bankruptcy Rule 4001(a)(3); and (ii) granting such other relief as it deems necessary and proper.

Dated: March 25, 2015

        WHITEFORD, TAYLOR & PRESTON L.L.P.

        /s/ Brent C. Strickland
        Brent C. Strickland
        7501 Wisconsin Avenue
        Suite 700W
        Bethesda, Maryland 20814-6521
        (410) 347-9402
        bstrickland@wtplaw.com

        Counsel for *Carroll Independent Fuel, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2015, a copy of the foregoing was filed and served via the Court's Electronic Case Filing System on all parties requesting such notice, and by first-class mail, postage prepaid, to the following:

Adam Brown Ross
The Law Offices of Richard B. Rosenblatt
30 Courthouse Square
Suite 302
Rockville, MD 20850

Timothy P. Branigan
P.O. Box 1902
Laurel, MD 20725-1902

United States Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

Kyle J. Moulding
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707

/s/ Brent C. Strickland
Brent C. Strickland

*2132792*