## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: : | |
| : | |
| MOHAMMAD R. PISHVA and : | Case No. 15-1-1441-PM |
| SUSAN PISHVA, : | Chapter 13 |
| Debtors. : | |
| : | |

### TRUSTEE'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN DATED MARCH 17, 2015

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtors' Chapter 13 plan dated March 17, 2015 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtors commenced this case under Chapter 13 on February 2, 2015. The Plan proposes to pay $750.00 monthly for 60 months, for a gross funding of $45,000.00.

2. The Debtors have failed to make the payments proposed under the Plan. At this time, two payments are due in the total amount of $1,500.00. The Trustee has received $750.00. Accordingly, the Debtors have not demonstrated that the Plan is feasible, and the Plan does not satisfy the requirement of section 1325(a)(6) of the Bankruptcy Code.

3. The Debtors have failed to provide documentation supporting income listed on Schedule I of $-3,077.47 per month for total household income as requested by the Trustee. Accordingly, the Trustee cannot determine whether the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code. At this time, the Debtors have failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

- 2 -

    4.    The Debtors have failed to provide Domestic Support Obligation Certificates, 2014 tax returns, and bank statements as requested by the Trustee. At this time, the Debtors have failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

    5.    The Plan must be amended to provide that joint unsecured claims be paid in full.

    6.    The Debtors have non-exempt equity of at least $192,604.00 in real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

    7.    The Debtors have not adequately proved ownership and the market value of scheduled real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

    8.    Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

                                          Respectfully submitted,

April _6_, 2015                             /s/ Timothy P. Branigan
                                                      Timothy P. Branigan (Fed. Bar No. 06295)
                                                       Chapter 13 Trustee
                                                       P.O. Box 1902
                                                       Laurel, Maryland  20725-1902
                                                       (301) 483-9118

- 3 -

**Certificate of Service of Objection to Chapter 13 Plan**

I hereby certify that, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the pleading referenced above to be sent on April  7  , 2015 by first-class U.S. mail, postage prepaid to:

| | |
|---|---|
| Mohammad R. and Susan Pishva<br>10505 Tyler Terrace<br>Potomac, MD  20854 | Adam B. Ross, Esq.<br>30 Courthouse Square, Suite 302<br>Rockville, MD  20850 |

/s/ Timothy P. Branigan  
Timothy P. Branigan (Fed. Bar No. 06295)